**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

KRISTIN GALONSKY                        : CIVIL ACTION
                                        :
        vs.                             : 07-1469
                                        :
ADAMAR OF NEW JERSEY, INC.              :
Individually & t/d/b/a TROPICANA        :
CASINO AND RESORT                       :
        and                             :
AZTAR CORPORATION, Individually &       :
t/d/b/a TROPICANA CASINO AND RESORT     :

<u>**MEMORANDUM AND ORDER**</u>

**JOYNER, J.**                                          **JULY 31, 2007**


        This case is now before the Court for resolution of
Defendants' Motion to Transfer Venue.  For the reasons that
follow, the motion is granted and the case is transferred to the
United States District Court for the District of New Jersey.

<u>**Factual Background**</u>

        This case arises out of an incident that occurred on March
12, 2005 as Plaintiff Kristin Galonsky exited a "comedy club"
owned by Defendants' Adamar t/d/b/a Tropicana et. al.
("Tropicana").  While leaving the club, which is situated in the
Tropicana Casio, Plaintiff allegedly slipped and fell on
decorative stone causing her to sustain injury.

        On February 9, 2007, Plaintiff sued Tropicana in the United
States District Court for the District of New Jersey in Camden
for her injuries.  Then, on March 12, 2007, Plaintiff filed a
second complaint in the Pennsylvania Court of Common Pleas in

which she alleged the same operative facts as she had in the initial federal complaint.  Tropicana removed that action to this Court and now moves under 28 U.S.C. 1404(a) to transfer the case to the district court in New Jersey.  Plaintiff's complaints allege that she is a citizen of Pennsylvania and Defendants are citizens of states other than Pennsylvania.

### Standards Governing Transfer of Venue Under 1404(a)

When deciding a motion to transfer venue under 28 U.S.C. 1404(a), the Court must first consider the language of the statute which provides that a district court may transfer a civil action to any other district court where the action might have originally been brought "[f]or the convenience of the parties and witnesses, [or] in the interest of justice."[1] 28 U.S.C. 1404(a). The Court need not confine itself to the three considerations enumerated in the statute (convenience of the parties, convenience of the witnesses, and the interest of justice) but may "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (quoting 15 Wright, Miller & Cooper § 3847).  In practice,

---

[1]     The Court is not satisfied that it has subject matter jurisdiction.  Plaintiff's state complaint, removed to this Court by defendants, only alleges damages in excess of $50,000.  In light of the fact that the district court in New Jersey has already *sua sponte* raised the question of whether it has subject matter jurisdiction and a decision is pending on that issue, this Court will defer to the New Jersey court to decide this issue.

courts have routinely considered a combination of "private" and "public" factors which include: (1) plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) relative congestion of the dockets at the transferor and transferee courts; (4) local interest in deciding controversies in the location where they occurred; (5) familiarity of the district judge with applicable state law; and (6) any other considerations that might make trial easy, expeditious and inexpensive.  See Id.; Gulf Oil v. Gilbert, 330 U.S. 501, 508-09 (1947).  And although the moving party need not prove that a transfer would satisfy all these elements, it has the burden of demonstrating that a case would be better off in the transferee court.  In re United States, 273 F.3d 380, 388 (3d Cir. 2001).

## Discussion

Although courts consider a variety of factors, special deference is given to Plaintiff's choice of forum.  See Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be disturbed lightly) (internal quotation omitted).  A plaintiff's preferred forum is evidenced by where they initially file the complaint.  2002 U.S. Dist. LEXIS 1095, at *4 (E.D. Pa. Jan 24, 2002).

Here, Plaintiff initially filed her complaint in the district court of New Jersey so the preferred forum appears to be

New Jersey.  Since then Plaintiff has apparently changed her mind
and now argues that Pennsylvania is her preferred forum.
Plaintiff, though her attorney, could have filed suit in New
Jersey (in either state or federal court) or Pennsylvania (in
either state or federal court).  By actively choosing two
separate forums, Plaintiff has demonstrated to the Court that she
is willing to litigate in either.  Moreover, if the Court were to
disregard the initial filing, as urged by Plaintiff, it would be
inappropriately intruding into the management of Plaintiff's
case.  Thus, the Court will not consider Plaintiff's choice of
forum in its decision.

As to the relative accessability to sources of proof,
Plaintiff repeatedly notes in her brief that this Court is
situated a mere eight miles from the district court in New
Jersey. See Pl.'s Mem. Opp. Trans. Mot. 3.  As such, the Parties
and witnesses will suffer only negligible differences in travel
expenses regardless of whether the action is allowed to proceed
in this Court or is transferred to New Jersey.  Moreover, the
sources of proof are evenly divided between the two forum states.
For example, Plaintiff was evaluated and cared for by a variety
of individuals most of whom live and work in New Jersey.  The
"security team" that responded to the scene of Plaintiff's fall,
an emergency medical technician that transported Plaintiff to the
hospital, and the two doctors who initially treated Plaintiff at
the hospital all live and work in New Jersey. See Harrison Aff.

2.  Additionally, many of the individuals able to testify to the condition and design of the area where the incident occurred also live and work in New Jersey.  See Id. at 2-3.  On the other hand, Plaintiff's parents and friend, who were present at the scene of the fall and witnessed the fall itself, reside in Pennsylvania.[2]  See Pl.' Mem. Opp'n Mot. Trans. 3.  Also, Plaintiff's "follow-up" care was provided by doctors who live and work in Pennsylvania.  Id.  And so, the Court finds that both forums offer relatively equal access to the sources of proof and does not base its decision on this factor.

As to the remaining factors, the Court finds few significant differences between this Court and the district court in New Jersey.  First, the Court cannot find (and the parties do not cite) anything to suggest that one docket is particularly congested in relation to the other.  Next, because the parties are from Pennsylvania and New Jersey, respectively, both states have an equal interest in resolving the dispute locally.  Finally, both this Court and the district court in New Jersey are more than capable of applying New Jersey tort law, although we believe it is self-evident that the New Jersey district court has a far greater familiarity with the tort law of New Jersey than does this one.

---

[2]      While, for the purpose of this motion, the Court will accept that Plaintiff, her parents, and her friend, reside in Pennsylvania, Plaintiff has failed to submit any evidence to support this assertion. Indeed, Tropicana, citing a posting from the internet site "MySpace," disputes Plaintiff's citizenship.

The Court is left, therefore, to consider any other factors
which might make the trial easy, expeditious and inexpensive.
See Gulf Oil v. Gilbert, 330 U.S. at 508-09; Jumara v. State Farm
Ins. Co., 55 F.3d at 879.  Here, the Court is guided by the
purpose of the statute which is to prevent "waste of time, energy
and money and to protect litigants, witnesses and the public
against unnecessary inconvenience and expense." Van Dusen v.
Barrack, 376 U.S. 612, 616 (1964) (internal quotation omitted).
It was not created to simply "shift the inconvenience from one
party to the other." Superior Precast, Inc. v. Safeco Ins. Co. of
America, 71 F.Supp.2d 438, 446 (E.D.Pa. 1999).

     Although Plaintiff's case pending before the district court
in New Jersey is currently stayed, the parties have already
expended time and money litigating it there.  The Court sees no
reason to waste these efforts by requiring the parties to
resubmit, and possibly redraft, the same pleadings here.
Further, the parties have suffered a delay in the resolution of
their case as Plaintiff attempts to cure the jurisdictional
defects in her complaint pending in the district court in New
Jersey.  As previously noted, this Court is not satisfied that it
has subject matter jurisdiction so there would be additional
delay as we sort out the question of whether the minimum amount
in controversy has been satisfied here.  The district court in
New Jersey has already raised this issue and Plaintiff has
already filed a "Statement in Support of Jurisdiction" in that

court.  <u>See</u> Def.'s Ex. G.  Again, the Court sees no reason to waste Plaintiff's efforts, or those of the district court in New Jersey, by allowing this case to proceed here.  For all of these reasons, the Court finds that transferring this case to the district court in New Jersey will resolve this case more efficiently.

An order follows.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


KRISTIN GALONSKY                    : CIVIL ACTION
                                    :
        vs.                         :
                                    :
ADAMAR OF NEW JERSEY, INC.          : 07-1469
Individually & t/d/b/a TROPICANA    :
CASINO AND RESORT                   :
                                    :
    and                             :
AZTAR CORPORATION, Individually &   :
t/d/b/a TROPICANA CASINO AND RESORT :

## ORDER

     AND NOW, this   31st   day of July, 2007, upon

consideration of the Defendants' Motion to Transfer Venue

Pursuant to 28 U.S.C. 1404(a) and Plaintiff's Response thereto,

it is hereby ORDERED that the Motion is GRANTED and this case is

transferred to the United States District Court for the District

of New Jersey in Camden.

                         BY THE COURT:




                         s/J. Curtis Joyner
                         J. CURTIS JOYNER,        J.